**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT BUTLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-199 |
| | § | |
| AMERICAN HERITAGE LIFE INSURANCE | § | |
| COMPANY, A Subsidiary of THE | § | |
| ALLSTATE CORPORATION, and | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On August 29, 2013, the United States Magistrate Judge issued his report and recommendation [Doc. #18], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Allstate Insurance Company's Rule 12(b)(6) Motion to Dismiss [Doc. #12] be granted.

Plaintiff filed his objections to the report and recommendation on September 12, 2013 [Doc. #22]. Defendant Allstate Insurance Company filed its response to the plaintiff's objections on September 26, 2013 [Doc. #23].

The Magistrate Judge found that the defendant's motion to dismiss should be granted because (1) the plaintiff failed to identify a valid and enforceable contract that Allstate breached, so plaintiff 's claim for breach of contract should be dismissed; (2) the plaintiff was an at-will employee, whose status was not altered by the general Allstate Ethics Code, thus, his wrongful termination claim could not survive; and (3) the plaintiff failed to plead

1

any facts indicating that Allstate never intended to perform the future promises made pursuant to the Sales Incentive Plan, the Sales Incentive Plan could not constitute a misrepresentation sufficient to support the plaintiff's claim for fraud.

Plaintiff generally objects that the Magistrate Judge failed to follow the law applicable to Federal Rule of Civil Procedure 12(b)(6) motions. Specifically, Plaintiff asserts that the Magistrate Judge failed to accept his version of the facts as true. The Magistrate Judge correctly set forth the law pertaining to 12(b)(6) motions in his report and recommendation, and correctly applied this law. The problem with the plaintiff's argument is that he confuses facts with legal argument and assertions. The Magistrate Judge is only required to accept the plaintiff's factual allegations as true; however, the Magistrate Judge need not accept the plaintiff's legal arguments and assertions as true. To the extent that this is a proper objection, it is overruled.

Plaintiff objects to the finding of the Magistrate Judge that the Sales Incentive Plan is not an enforceable contract. However, Plaintiff fails to set forth any facts to suggest that the Sales Incentive Plan was a valid and enforceable contract. After reviewing the Sales Incentive Plan, the Magistrate Judge concluded that the Sales Incentive Plan could not be a valid and enforceable contract, because "'[t]he law is well established' that 'a promise to pay a bonus is unenforceable for want of sufficient consideration since the employee is only giving the same service he has already contracted with the employer to render.'" [Doc. #18 at 7 (citing *Castranova v. Teknerkron Infoswitch, Inc.*, No. 3:00-cv-0361, 2003 WL 22143793, at *2 (N.D. Tex. Aug. 18, 2003)]. The Magistrate Judge determined that Allstate's promise to pay a bonus was not to induce the employee to refrain from doing something he is otherwise entitled to do, or to induce the employee to do something he is not otherwise required to do. [*See* Doc. #18 at 7 ("If the employee has a pre-existing duty to perform his job, a gratuitous promise of additional

compensation for doing that job does not create a valid and enforceable contract.")]. Further, the Magistrate Judge concluded that the Sales Incentive Plan 'simply shows how an employee's bonus is measured, with no obligation either stated directly or implied in the language of the documents." [Doc. #18 at 7]. Plaintiff offers no facts to support his conclusion that the Sales Incentive Plan is an enforceable contract, and this objection is overruled.

Plaintiff also objects to the finding of the Magistrate Judge that he should have negated Allstate's affirmative defenses of modification. However, this is not an accurate statement. The Magistrate Judge never addressed the issue of modification, and merely noted in his report and recommendation that the Sales Incentive Plan did not state that it was binding or enforceable, or that Allstate could not change the structure of the bonus plan at any time. Further, Plaintiff's objection assumes that there was a valid and enforceable contract, which there was not. Therefore, this objection is overruled.

Plaintiff also objects to the finding of the Magistrate Judge that the Sales Incentive Plan was not supported by consideration. Plaintiff states, "[A]s in the case of all salesmen, the payment of a commission for exceeding sales goals incentivizes his labor and is an important part of his compensation…The agreement is called a <u>Sales Incentive</u> compensation agreement precisely because it induces Butler to exceed minimum sales goals!" [Doc. #22 at 8-9 (emphasis in original)]. However, as the Magistrate Judge found, the job of a salesman is to make sales. The Sales Incentive Plan does not induce Plaintiff to refrain from doing something or to induce him to do something that he was not required to do. Plaintiff was required to make sales, and the Sales Incentive Plan set forth a basis for awarding bonuses based on the number of sales made. Thus, this objection is overruled.

3

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's wrongful termination claims be dismissed. The Magistrate Judge found that to the extent that the plaintiff asserted a claim for retaliation under Title VII, Texas Commission on Human Rights Act ("TCHRA"), or other statute, that the plaintiff's claims failed because he did not exhaust his administrative remedies. Plaintiff does not dispute this finding in his objections. The Magistrate Judge found that an employer may discharge an employee at-will for any reason or for no reason, as long as the discharge does not violate any of the narrow exceptions to the at-will doctrine. [Doc. #18 at 8]. Plaintiff's argument for wrongful termination is that the employee handbook states that an employee cannot be penalized for using a grievance procedure, and, thus, the manual alters the at-will employment relationship in a meaningful way. The Magistrate Judge found that the employee handbook did not alter the at-will status of the plaintiff in any meaningful way. Plaintiff's objection is that the Magistrate Judge found the provision equivocal or ambiguous, which is simply not the case. The Magistrate Judge found that the handbook did not alter the at-will employment status in express, clear language. This court agrees, and the plaintiff's objection is overruled.

Finally, the plaintiff asserts that the Magistrate Judge erred in finding that the plaintiff failed to plead intent to support fraud. A claim for fraud must be pleaded with particularity, as noted by the Magistrate Judge. However, the Magistrate Judge found, and this court agrees, that that plaintiff failed to set forth sufficient facts to plead a claim of fraud. The promises the plaintiff relies on to support his fraud claim are future promises, which can only constitute a misrepresentation when the promise was made with no intention of performing at the time it was made. [*See* Doc. 18 at 10 (citing *Herrmann Holdings Ltd. v. Lucent Tech., Inc*., 302 F.3d 552, 563 (5th Cir. 2002)]. Plaintiff offers no facts that indicate that Allstate had no intention of

performing its promises made in the Sales Incentive Plan or in the employee handbook at the time those promises were made. Thus, the plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #18] is hereby adopted, and Allstate Insurance Company's Rule 12(b)(6) Motion to Dismiss [Doc. #12] is **GRANTED** and this case is dismissed with prejudice.

All relief not previously granted is **DENIED.**

The clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **24** day of **October, 2013.**

_____
Ron Clark, United States District Judge