**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT BUTLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-199 |
| | § | |
| ALLSTATE HERITAGE LIFE INSURANCE | § | |
| COMPANY, a Subsidiary of THE ALLSTATE | § | |
| CORPORATION, and ALLSTATE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On March 25, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #27], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion to Reconsider Order Adopting Recommendation of United States Magistrate Judge [Doc. #25] be granted. Specifically, the Magistrate Judge recommended that its report and recommendation and the subsequent order adopting the report regarding Defendant's motion to dismiss be reconsidered and Plaintiff's case be reopened for consideration of his claims for breach of contract, wrongful termination, and fraud [Doc. #27 at 16].

On May 29, 2013, Defendant filed a motion to dismiss Plaintiff's second amended complaint for failure to state a claim [Doc. #12]. On July 15, 2013, the Magistrate Judge issued a report and recommendation, in which he recommended that the motion be granted and Plaintiff's claims be dismissed [Doc. #18]. Plaintiff filed his objections to this report and

1

recommendation on September 12, 2013, and Defendant responded on September 26, 2013 [Doc. #22; Doc. #23]. On October 15, 2013, this court entered an order adopting the report and recommendation, and granting Defendant's motion to dismiss [Doc. #24]. Plaintiff then filed a motion for reconsideration on November 22, 2013 [Doc. #25], and Defendant responded on December 9, 2013 [Doc. #26]. On March 25, 2014, the Magistrate Judge issued a second report and recommendation recommending that its original decision and this court's order adopting that report and recommendation be reconsidered, and Plaintiff's case reopened for consideration of Plaintiff's claims for breach of contract, wrongful termination, and fraud [Doc. #27]. Defendant filed its objections to the second report and recommendation issued by the Magistrate Judge on April 11, 2014 [Doc. #28].

Defendant first objects that the Magistrate Judge misapplied the legal standard applicable to a motion to reconsider under Federal Rule of Civil Procedure 59(e). Specifically, Defendant contends that the Magistrate Judge recognized that there was no newly discovered evidence, manifest errors of law, or intervening change in controlling law, but still recommended that Rule 59(e) be applied and the judgment reconsidered. It is undisputed that the Magistrate Judge used the correct law in its analysis, and Defendant uses the same law in its objections. However, Defendant essentially disagrees with the way the Magistrate Judge interpreted the law and applied it to this case.

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet,* 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, the grounds for granting a motion for reconsideration under Rule 59(e) include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a

clear error of law or prevent manifest injustice." *Triton Tech of Texas, LLC v. Nintendo of America Inc.*, No. 2:10-cv-328-JRG, 2012 WL 2036411, at *2 (E.D. Tex. June 6, 2012) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

The Magistrate Judge agreed that two of the three bases for granting a motion for reconsideration under Rule 59(e) were not present; namely, that there was no intervening change in controlling law and Plaintiff did not have any new evidence that was not previously available to him. However, the Magistrate Judge found that Plaintiff alleged there were manifest errors of law or fact that merited reconsideration of the court's previous decisions. In addressing Plaintiff's fraud claim, the Magistrate Judge noted that "this Court overlooked the fact that Plaintiff relied on the oral promises made by Mr. Mueller as an additional misrepresentation supporting his fraud claim" [Doc. #27 at 8]. In regards to Plaintiff's wrongful termination claim, the Magistrate Judge concluded that based upon additional review of the Allstate Human Resources Policy Guide provisions that the policy guide contained a specific, express limitation that altered the at-will relationship in a meaningful way, and, thus, Plaintiff's plausibly suggested entitlement to relief for wrongful termination. Finally, in the context of Plaintiff's breach of contract claim, the Magistrate Judge concluded that Plaintiff's pleadings plausibly suggested an entitlement to relief based on the existence of an employment contract entered into for consideration consisting of a salary plus bonus, and that the work he performed during the year was induced by Defendant's promise to pay a non-discretionary, mandatory bonus [Doc. #27 at 15]. The Magistrate Judge noted that in order to prevent manifest injustice, Plaintiff should be allowed an opportunity to fully present his claims for relief [Doc. #27 at 16]. In summary, the Magistrate Judge recommended the reconsideration of Defendant's motion to dismiss based on errors of fact and law, and to prevent manifest injustice. The Magistrate Judge

applied the correct standard for a Rule 59(e) motion for reconsideration, and Defendant's objection is overruled.

Defendant next objects to the Magistrate Judge's finding that it overlooked Plaintiff's assertions that he relied on oral promises made by Mr. Mueller as an additional basis for his fraud claim [See Doc. #28 at 5; Doc. #27 at 8]. First, Defendant argues that there is no basis for disturbing a judgment on the basis that the court "overlooked" a fact. However, Rule 59(e) does provide that a judgment may be reconsidered on the basis of an error in fact. This constitutes an error of fact and is consistent with Rule 59(e). Second, Defendant asserts that even if this fact was overlooked by the Magistrate Judge, Mr. Mueller's promises were future promises, and to support a claim of fraud, Plaintiff was required to offer facts indicating that Mr. Mueller had no intent to perform. Plaintiff alleged that Mr. Mueller promised him that the report would be confidential and that there would be no retaliation against him. Plaintiff further alleged that Mr. Mueller immediately relayed Plaintiff's report to Mr. Watkins, Plaintiff's superior, and Plaintiff was retaliated against thereafter. These facts are sufficient to plausibly plead that Mr. Mueller had no intent to perform at the time he made the alleged misrepresentations. Thus, Defendant's objection is overruled.

Defendant next objects to the Magistrate Judge's finding that the Allstate Human Resources Policy Guide altered the at-will employment relationship in a meaningful way. Defendant states: "[H]ow can the same policy, which in August of 2013 did not alter the at-will relationship in a meaningful way between Plaintiff and Defendant, now, in March of 2014, alter the at-will relationship in a meaningful way?" [Doc. #28 at 6]. The Magistrate Judge answers that question in his report and recommendation, specifically noting his review of the case law. The Magistrate Judge originally concluded that the policy guide did not alter the at-will

4

employment relationship in a meaningful way because it contained a disclaimer stating that the manual did not provide contractual rights and was to provide guidelines only [Doc. #27 at 10]. However, in his second report and recommendation, the Magistrate Judge went on to note that the language contained in the provision prohibiting retaliation is unequivocally clear, and found that in none of the cases in which an employment handbook contained a disclaimer was the language that prohibited retaliation so unequivocally clear as the language contained in the Allstate Human Resources Policy Guide. *Id*. at 11. After noting the cases that were considered, the Magistrate Judge concluded that "[a]lthough the at-will doctrine still governed the relationship between plaintiff and defendant in most areas, the employer made a specific pledge that it would not terminate (or otherwise retaliate against) an employee for a single, particular reason" [Doc. #27 at 11 (citing *Vida v. El Paso Employees Fed. Credit Union*, 885 S.W.2d 177, 181 (Tex. App. – El Paso 1994, no pet.)]. Defendant provides no further objections to this analysis and does not state that the Magistrate Judge incorrectly applied the law, other than to object to the fact that the Magistrate Judge reached "inconsistent conclusions." The Magistrate Judge fully explained his legal analysis and conclusions in his report and recommendation. To the extent Defendant's objection is a proper objection, it is overruled.

Defendant objects to the finding of the Magistrate Judge that Plaintiff plausibly stated a claim for breach of contract. Defendant asserts that the Magistrate Judge admitted that Plaintiff failed to allege the existence of a contract, and then attempted to "fill in the blanks – indeed the substantial blanks – in Plaintiff's claim" [Doc. #28 at 7]. At the Rule 12(b)(6) stage of litigation, Plaintiff must plead facts that plausibly suggest entitlement to relief, and the Magistrate Judge found that Plaintiff had done so based on his allegations made in the complaint. Although the Magistrate Judge noted that it was unclear on which basis Plaintiff was asserting the existence of

a contract, it nonetheless concluded that Plaintiff had plausibly stated a claim based on the existence of the alleged oral at-will employment agreement that promised a yearly salary plus bonus. Plaintiff will still bear the burden of proving all the elements of his breach of contract claim, and his other claims, at other stages in this litigation. However, at the Rule 12(b)(6) stage it is only necessary that Plaintiff's claims be plausible. This is the conclusion reached by the Magistrate Judge, and Defendant offers no reason why Plaintiff's allegations are not plausible. Defendant's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Defendant's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #27] is adopted, and Plaintiff's Motion to Reconsider Order Adopting Recommendation of United States Magistrate Judge [Doc. #25] is **GRANTED.**

It is further **ORDERED** that this case be reopened as to Plaintiff's causes of action for breach of contract, wrongful termination, and fraud.

It is further ORDERED that Plaintiff shall file an amended complaint within fourteen (14) days.

So **ORDERED** and **SIGNED** this **14** day of **August, 2014.**

_____
Ron Clark, United States District Judge