# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT BUTLER | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-199 |
| | § | Judge Mazzant |
| AMERICAN HERITAGE LIFE | § | |
| INSURANCE COMPANY, A subsidiary | § | |
| of THE ALLSTATE CORPORATION, | § | |
| and ALLSTATE INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants American Heritage Life Insurance Company and Allstate Insurance Company's Motion to Strike Plaintiff's Expert Witness (Dkt. #129). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

The above-referenced case consists of a breach of contract claim, a wrongful termination claim, and a fraud claim. Plaintiff Scott Butler ("Plaintiff" or "Butler") was an employee of Allstate Insurance Company ("Allstate"), where he served as a Field Vice President in the Benefits department (Dkt. #40 at ¶ 6). In 2008, his direct supervisor became Wayne Watkins ("Watkins") (Dkt. #40 at ¶ 8). Plaintiff believed that Watkins was violating the ethical rules of Allstate, when he learned that Watkins was carrying on an illicit relationship with a married woman who also had an insurance benefits business in New Orleans (Dkt. #40 at ¶¶ 14, 16). After discussing Watkins' alleged ethical violation with representatives of Allstate, Plaintiff was terminated on or about September 1, 2012, when Human Resources informed him that his production had not met the goals that Watkins had set for him.

Plaintiff's deadline to disclose experts was December 12, 2014 (Dkt. #42). On December 12, 2014, Plaintiff submitted his Rule 26(a)(2) Disclosure of Expert Testimony designating Dr.

1

Helen Reynolds ("Reynolds"), as an expert to testify on Plaintiff's loss of income and benefits and Plaintiff's past and future damages (Dkt. #129-4). On February 3, 2015, Plaintiff produced an expert report written by Reynolds (Dkt. #129-5).

On January 23, 2015, Defendants filed their Motion to Strike Plaintiff's Disclosure (Dkt. #48). On February 6, 2015, Plaintiff filed his response (Dkt. #52). On February 5, 2015, the parties filed their Agreed Motion to Extend Scheduling Order Deadlines (Dkt. #51), which the Court granted on April 17, 2015 (Dkt. #53). The agreed motion extended Plaintiff's disclosure of expert testimony to April 10, 2015; therefore, on May 7, 2015, the Court denied as moot Defendant's Motion to Strike, subject to refiling (Dkt. #56). On January 25, 2016, Plaintiff produced an updated expert report to Defendants from Reynolds (Dkt. #129-8).

On February 8, 2016, Defendants filed their Motion to Strike Plaintiff's Expert Witness (Dkt. #129). On February 18, 2016, Plaintiff filed his response (Dkt. #132).

**LEGAL STANDARD**

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590-93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case;

and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *See Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 594-95.

The *Daubert* factors are not "a definitive checklist or test." *Daubert*, 509 U.S. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 151. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S. Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citation omitted).

Rule 403 dictates that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Furthermore, the Fifth Circuit has consistently held that an expert may not render conclusions of law. *See Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir. 1996); *see also Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law."); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("allowing an expert to give his opinion on legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.")

Additionally, Federal Rule of Civil Procedure 26(a)(2) states that parties must disclose to each other the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705 at the times and in sequence that the court orders. *See* FED. R. CIV. P. 26(a)(2)(D). The disclosure of the expert witness must be accompanied by a written report that contains: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming [their opinion]; (iii) any exhibits that will be used to summarize or support [their opinion]; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." FED. R. CIV. P. 26(a)(2)(B). If a party fails to provide the information or identify a witness, as required by Rule 26, the party is precluded from using the information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the party can demonstrate that the failure was substantially justified or is harmless. *See* FED. R. CIV. P. 37(c)(1).

# ANALYSIS[1]

Defendants assert that Plaintiff's expert, Dr. Helen Reynolds, should be stricken because "[b]oth of Dr. Reynolds' expert reports failed to comply with all of the requirements set forth in Rule 26 of the Federal Rules of Civil Procedure." (Dkt. #129 at p. 1). Specifically, Defendants allege that "[n]either report was accompanied with all of the data and/or information relied upon or considered by Dr. Reynolds in writing her reports." (Dkt. #129 at p. 1). It does not appear that Defendants are challenging Reynolds' credentials under Federal Rule of Evidence 702; therefore, the Court will only address Defendants' Federal Rule of Civil Procedure 26 argument.

The Court finds that Plaintiff has complied with Rule 26 of the Federal Rules of Civil Procedure. The expert report and supplemental report give complete statements of Dr. Reynolds' opinion, the witness' qualifications, a complete list of all of the cases in which Dr. Reynolds has testified in the previous four years, and a statement regarding compensation. The Court also finds that Dr. Reynolds' expert report and supplemental expert report include the facts or data used to reach her opinion in the case, as well as the exhibits that she relied upon. However, to the extent that those documents have not been produced to Defendants, Plaintiff should produce those documents to Defendants within ten days of this Order.

# CONCLUSION

It is therefore **ORDERED** that Defendants American Heritage Life Insurance Company and Allstate Insurance Company's Motion to Strike Plaintiff's Expert Witness (Dkt. #129) is hereby **DENIED**.

---

[1] As a preliminary matter, in his response, Plaintiff asserts that Defendants have not timely filed their motion to strike, and therefore, the motion should not be considered (Dkt. #132 at p. 2). Although the Court will consider Defendants' motion to strike, the parties should note that they are required to comply with the Federal Rules of Civil Procedures, the local rules, and the Court's Orders.

It is further **ORDERED** that Plaintiff should produce to Defendants the documents that Dr. Reynolds relied upon when reaching her opinion within ten days of this Order, or notify the Court that he has fully complied with his disclosure requirements.

**SIGNED this 23rd day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE